IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JA RAF MUINA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2317-K |
| | § | |
| MICHELLE LISTERS, ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified civil action brought by Ja Raf Muina, appearing *pro se*, against multiple defendants, many of whom appear to be federal employees. On December 12, 2006, plaintiff tendered a three-page typewritten pleading to the district clerk.[1] However, he did not pay the statutory filing fee or file a motion to proceed *in forma pauperis*. The court notified plaintiff of this deficiency on January 5, 2007. Plaintiff was ordered to either pay the filing fee or seek leave to proceed *in forma pauperis* within 20 days or his complaint would be dismissed. *See* Order, 1/5/07. No corrective action was taken in response to that order. On February 2, 2007, the court again ordered plaintiff to correct this deficiency within 20 days and reminded him that the failure

---

[1] This pleading, as well as the nine other pleadings submitted by plaintiff over the last two months, are largely unintelligible. As best the court can discern, plaintiff accuses the defendants of using biological weapons to assault, coerce, and torture unidentified individuals as part of a conspiracy to commit high treason against the United States.

to do so "may result in the imposition of sanctions, including dismissal of this action for want of prosecution." *See* Order, 2/2/07. Two weeks later, on February 15, 2007, the unopened envelope containing this order was returned to the clerk marked "Not Deliverable as Addressed. Unable to Forward." The court now determines that this case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

II.

A district court has authority to dismiss a case for want of prosecution or failure to comply with a court order. FED. R. CIV. P. 41(b); *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). This authority "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Insurance Co.*, 756 F.2d 399, 401 (5th Cir. 1985), *citing Link v. Wabash Railroad Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Such a dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). A dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *Id.*; *see also Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

The court has twice ordered plaintiff to either pay the statutory filing fee or file a motion to proceed *in forma pauperis*. Both orders were mailed to plaintiff at the address listed in his complaint-- 150 West 141st Street, Apt. 1D 1791, New York, New York 10030.[2] The last mailing was returned to the clerk marked "Not Deliverable as Addressed. Unable to Forward." Evidently, plaintiff either has moved or cannot receive mail at that address. No other address has been

---

[2] Although plaintiff continues to file pleadings bearing the same New York City address listed in his original complaint, the court notes that the envelopes containing those pleadings are postmarked "Chattanooga, Tennessee."

provided to the court. Without this information, the court cannot communicate with plaintiff and this litigation cannot proceed. Dismissal is the only option available under the circumstances. *See Wardle v. U.S. Federal Government*, No. 3-05-CV-0201-N, 2005 WL 645240 at * (N.D. Tex. Mar. 18, 2005) (Kaplan, J.), *rec. adopted*, 2005 WL 819693 (N.D. Tex. Apr. 6, 2005) (dismissing *pro se* civil action without prejudice after plaintiff failed to comply with court orders and did not notify clerk of his current address).

## **RECOMMENDATION**

This case should be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 23, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE